**STEIN & NIEPORENT LLP**
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent: DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

July 6, 2022

**VIA ECF**

Hon. John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

>       ***Quezada v. LSpace America, LLC***
>       **Docket No. 22-cv-4484 (JPC) (SN)**

Dear Judge Cronan:

We represent defendant LSpace America, LLC in the above-referenced matter, and we submit this letter pursuant to paragraph 6.A. of Your Honor's Individual Rules and Practices to request a pre-motion conference in this case for the purpose of making a motion to dismiss.  Defendant seeks to move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

For the convenience of the Court, we want to point out that this case, and defendant's proposed motion, presents arguments very similar to those already raised with the Court in several other pre-motion letters, with the most recent being *Mejia v. Daring Foods Inc.*, Docket No. 22-cv-2525 (JPC)(SLC). (The plaintiffs in the two cases are represented by the same counsel, and the lawsuits are almost word-for-word identical.) As Your Honor determined in the earlier case that a pre-motion conference was not necessary, we anticipate that the same would apply in this case, though of course we are prepared to proceed as directed by the Court.

Because we have litigated numerous such cases with plaintiff's counsel, we assume that the procedure would be as follows: in response to this letter, plaintiff will amend his complaint to address some of the pleading issues identified by defendant below, and then defendant will move to dismiss on the remaining grounds that plaintiff has not pleaded an injury in fact and that defendant's website is not a place of public accommodation. Nevertheless, we will set forth our full arguments below.

This case was brought under the Americans with Disabilities Act (and parallel New York City law), and represents just one of hundreds of cookie-cutter website accessibility

Hon. John P. Cronan, U.S.D.J.
July 6, 2022
Page 2 of 3

lawsuits filed each month by a handful of plaintiffs/plaintiffs' attorneys in this district.[1] It alleges that defendant violated the ADA in that its website was in some way not accessible to plaintiff, who is purportedly blind or visually impaired. Like all of these lawsuits, the complaint in the instant case is conclusory. It has almost no specific allegations about the defendant or its website, and is so boilerplate that it — like every other such lawsuit filed by this plaintiff's counsel, regardless of who they use as their plaintiff — contains generic phrases such as "The main reason Plaintiff visited the website was to, *inter alia*, purchase products, goods, and/or services."

As an initial matter, plaintiff lacks standing to bring the ADA claims asserted. In order to establish Article III standing, a plaintiff must sufficiently plead: "(l) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167, 180-81 (2000). But plaintiff has failed to do so here. He has neither adequately pleaded a concrete and particularized injury — failing to plead how issues with the website prevented him from completing a transaction at the website — nor that any such injury would be redressable by a favorable decision. (Because the ADA provides only for injunctive relief, plaintiff must establish that he would be injured in the future by the alleged problems with the website. But he pleads only conclusorily that he intends to return to the website at some point in the future, even though courts in this Circuit require something more than a vague possibility of returning.)

Even if the bare bones complaint were sufficient to establish *standing*, though, plaintiff's complaint should be dismissed because it fails to satisfy the pleading standards set by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Those cases establish that under Fed. R. Civ. P. 8, plaintiffs must plead facts sufficient to nudge their case from possible to plausible. Simply reciting the elements of a cause of action are not enough. And yet, that is essentially what plaintiff has done here. Further, he asks for compensatory damages without ever even pleading that he has actually been damaged; he asks for statutory damages that do not exist under the applicable statutes; and he asks for "civil penalties and fines" for which there is no private right of action.

Moreover, defendant contends that plaintiff's complaint fails to state a claim upon which relief can be granted because the website in question is not a place of public accommodation covered by the Americans with Disabilities Act. Specifically, it is a standalone website that lacks any connection to a public facing brick and mortar business. Numerous courts have held that Title III of the ADA, pursuant to which this lawsuit has been

---

[1] Indeed, we represent defendant LSpace America, LLC in another such case, *Lawal v. LSpace America, LLC*, 22-cv-3920 (JPC)(JW) also pending before Your Honor, recently filed by another one of the leading ADA website accessibility attorneys in this district.

Hon. John P. Cronan, U.S.D.J.
July 6, 2022
Page 3 of 3

brought, does not cover such intangible businesses, but only physical places of public accommodation.

Plaintiff will try to portray this as a settled legal question, and therefore argue that defendant's motion is moot or a waste of the Court's time. To be sure, there are cases in this Circuit that support plaintiff's position. But every single one of those cases is non-binding (and, indeed, some of them are dicta). The Second Circuit has never addressed this precise issue. Moreover, almost all of the cases upon which plaintiff will rely were decided <u>before</u> three district court cases from 2021 adopted the argument that defendant raises here — *Suris v. Gannett Co.*, 2021 WL 2953218 (E.D.N.Y. July 14, 2021), *Winegard v. Newsday LLC*, 2021 WL 3617522 (E.D.N.Y. Aug. 16, 2021), *Martinez v. MyLife.com, Inc.*, 2021 WL 5052745 (E.D.N.Y. Nov. 1, 2021) — and therefore did not grapple with the analyses that those decisions provided. Indeed, only <u>one</u> case plaintiff will rely upon even mentions the comprehensive *Newsday* decision. And given the fact that rulings from five federal Circuit Courts — the Third, Fifth, Sixth, Ninth, and Eleventh — *do* support defendant's position, and given the existence of multiple recent district court decisions in this circuit that also do so, defendant submits that there are important legal issues that this Court will be required to address.

Finally, the same standing and pleading analysis described above applies under New York City law, and thus plaintiff's claims should be dismissed on that basis; even if the analysis did not, defendant would argue in the alternative that the court should not accept supplemental jurisdiction over that claim if it dismissed plaintiff's federal claims. Indeed, because plaintiff's claims under the ADA are purely for injunctive relief, the New York City law claims, which allow for damages, are likely to predominate over federal claims.

We thank the Court for its attention to this matter. We are available at Your Honor's convenience if the Court has any questions, and we look forward to fully briefing these issues for the Court's consideration. Pursuant to Your Honor's Individual Rules and Practices, defendant proposes the following briefing schedule:

1. Plaintiff to file amended complaint: July 27, 2022
2. Defendant's moving papers: August 10, 2022
3. Plaintiff's opposition: August 24, 2022
4. Defendant's reply papers: September 7, 2022

Respectfully submitted,

David Stein

cc: Edward Y. Kroub, Esq. (via ECF)